# EXHIBIT 1

| Additional Factual Allegations | Elements Supplemented by Additions |
|---|---|
| Despite Lowell's false allegation that the Whistleblowers purportedly disclosed information protected under Section 6103 and Rule 6(e), they have not been the subject of any discipline by the IRS, and none has been proposed. | 1. Falsity<br><br>2. Malice |
| Following publication of the October 6, 2022, *Washington Post* article, Shapley's lawyer sent a letter to the *Washington Post* saying that if the source of the information was Shapley, Shapley consented to disclosing his identity. No such disclosure ever occurred because Shapley was not the source. Both Lowell and Clark were copied on this letter. | 1. Falsity<br><br>2. Malice |
| On September 14, 2023, a Politico reporter contacted a member one of the Whistleblowers' legal teams, and a staff member of the House Ways & Means Committee, and explained that Lowell's September 14 Letter and the attachments had been sent to her. This confirmed Lowell's statement in the letter that he was "also making these materials available to the public." | 1. Publication<br><br>2. Malice |
| During the Committee's executive session where it voted to release the congressional transcripts to the public, Chairman Jason Smith stated: "Only the Ways and Means Committee has the ability to legally report this information to the full House of Representatives and thereby make it known to the public." Chairman Smith made clear that the restrictions of Section 6103 applied to the Committee just like anyone with access to tax return information, but explained in answer to another Committee member's question about discussing the information with the media: "If this motion is adopted … any discussion that was within this executive session … will be made public. ***So, you could talk about anything that was discussed in the executive session -- along with all the whistleblower depositions*** -- everything that is not redacted." These statements are in the transcripts with which Lowell is intimately familiar, as demonstrated by his letters. | 1. Falsity<br><br>2. Malice |
| On July 19, 2023, House Committee on Oversight and Reform Chairman James Comer explained in a public hearing at which the Whistleblowers testified: "Section 6103 of the Tax Code makes taxpayer information confidential, except in certain circumstances. One of those exceptions is | 1. Falsity<br><br>2. Malice |

1

| | |
|---|---|
| the process the Ways and Means Committee used to receive testimony from these whistleblowers and report transcripts of their testimony to the full House of Representatives to make that information public. These whistleblowers have gone above and beyond to submit information to Congress *in accordance with the law*, and we are grateful to them for that. The witnesses can … testify to tax information that has already been released through proper procedures through the Ways and Means Committee." These statements are in the transcripts with which Lowell was intimately familiar, as demonstrated by his letters. | |
| In the criminal matter against him, Biden moved the U.S. District Court for the District of Delaware to seal transcripts of the Whistleblowers' congressional testimony, falsely claiming that they improperly released information protected by Section 6103 and Rule 6(e). Counsel for the Committee, Chairman Jason Smith, explained in a July 31, 2023, filing opposing Biden's motion: "The Committee voted to release the Whistleblower Materials pursuant to its statutory authority under 26 U.S.C. § 6103(f)(4)(A). … Section 6103 … does not prohibit the disclosure of public information. … Just as tax return information loses its confidentiality once it is disclosed in a judicial forum and is therefore no longer protected by Section 6103, so too is such information no longer protected by Section 6103 once it is disclosed by Congress and widely available to the public." | 1. Falsity<br><br>2. Malice |
| On August 17, 2023, the judge presiding over Biden's criminal case in the District of Delaware also rejected his arguments that the Whistleblowers' testimony improperly contained information protected by Section 6103 and Rule 6(e), citing part of the explanation in Chairman Smith's Opposition and ruling that the "Defendant has failed to make any specific showing of harm[.]" | 1. Falsity<br><br>2. Malice |

2