## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARY SHAPLEY and

JOSEPH ZIEGLER,

                Plaintiffs,

      v.

ABBE LOWELL,

                Defendant.

Civil Action No. 1:24-cv-02646-RJL

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUESTS FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS**

       Plaintiffs GARY SHAPLEY ("Shapley") and JOSEPH ZIEGLER ("Ziegler")
(collectively, "Plaintiffs"), by and through their undersigned counsel of record, submit their
Objections to Defendant's Requests for Judicial Notice in Support of Motion to Dismiss.

## OBJECTIONS

       In his Motion to Dismiss, Defendant Abbe Lowell requests that the Court take judicial
notice of 49 different documents which are attached to the Declaration of Charles Michael.
Anyone reading Defendant's motion and reviewing the requests for judicial notice would be
forgiven if they believed Defendant's motion was actually seeking summary judgment. The
breadth of the documents that are the subject of Defendant's requests and the improper attempts
to use them to establish facts that are in dispute should be rejected by the Court. Defendant
acknowledges (and Plaintiffs agree) that a court may take judicial notice of "news articles ... not
for their truth but merely for the fact they were published." *Shive-Ayala v. Pacelle*, No. CV 21-
704 (RJL), 2022 WL 782412, at *2 (D.D.C. Mar. 15, 2022). Yet, as discussed below, they asked
the Court to accept such documents for much more than the fact of their publication. Moreover,

the facts to be noticed must also be relevant to the motion to dismiss. *Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011) (declining to take judicial notice of facts that are "irrelevant to disposition of the motion to dismiss, which turns on the adequacy of the well-pleaded factual allegations in the complaint").

Plaintiffs' specific objections follow:

**Exhibits 3, 5-9, 12, 13**

The fact that these articles and interviews occurred is not relevant to whether Plaintiffs have pleaded a plausible claim. Exhibit 3 is not even about Plaintiffs. And none of the others identify Defendant's client, Hunter Biden, or disclose information about him.

Moreover, Defendant quite clearly offers these articles for the truth of the facts asserted in them, and not merely for the fact that the articles were published or the interviews occurred.

**Exhibit 4**

A letter properly notifying Congress of a whistleblower who would like to come forward is not relevant to whether Plaintiffs have pleaded a plausible claim.

**Exhibit 11**

A declaration from an IRS official purporting to describe the relationship between Plaintiffs and the DOJ is not relevant as to whether Plaintiffs have pleaded a plausible claim. This is another example of Defendant egregiously attempting to have the Court take judicial notice of factual information in a document, and not just the document itself.

**Exhibit 14**

This press release by the DOJ announcing charges against Hunter Biden and his guilty plea to those charges is only offered by Defendant because it is convenient to telling the story he wishes to tell—not because it is properly considered on a motion to dismiss. It is not relevant to whether

the claims are plausibly pleaded and Defendant clearly wants the Court to rely on the facts in the press release, not just the fact that a press release was issued.

**Exhibits 16-35, 46**

The fact that these articles and interviews occurred is not relevant to whether Plaintiffs have pleaded a plausible claim. Plaintiffs have never denied that they gave interviews or were the subject of news stories. The only thing that could possibly be relevant is whether Plaintiffs made disclosure of information that had not already been put in the public domain by the releases made by Congress. But, even that would not be the proper subject of judicial notice because, as Defendant admits, a court can take judicial notice only of the fact that an article was published. In any event, though Defendant has provided a copy of the congressional testimony transcripts, he has not identified any information that Plaintiffs publicly discussed that was not already in the publicly released information. Thus, even if the Court could resolve this disputed issue by judicial notice—which it should not do—Defendants have not made such a showing.

**Exhibit 38**

Defendant offering an email that purports to be about the IRS Commissioner's views on the whistleblowing process—particularly one that is not expressly pertaining to Plaintiffs—is another blatant attempt to misuse judicial notice for an improper purpose. The email is not relevant to whether Plaintiffs have pleaded a plausible claim. Nor should the Court take judicial notice of the facts set out in the email—which is the obvious sole purpose for which Defendant offers this document.

**Exhibits 47-49**

Letters and articles about matters that are entirely unrelated to the issues in this case are not relevant to whether Plaintiffs have pleaded a plausible claim.

Dated: December 18, 2024

BROWNSTEIN HYATT FARBER
SCHRECK, LLP


By: /s/ *Mitchell J. Langberg*

Mitchell J. Langberg, Bar No. NV008
mlangberg@bhfs.com
Travis F. Chance, Bar No. NV010
tchance@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV  89106
Telephone:  702.382.2101
Facsimile:   702.382.8135

EMPOWER OVERSIGHT
WHISTLEBLOWERS & RESEARCH

Michael S. Zummer, Bar No. LA0013
mzummer@empowr.us
5500 Prytania St. #524
New Orleans, LA 70115
Telephone: 504.717.5913

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 18th day of December 2024, **PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUESTS FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** was electronically filed with the Clerk of Court using the Court's CM/ECF system that will automatically serve notification of such filing and a copy thereof to all counsel of record:

Michael E. Stoll
Jason M. Weinstein
STEPTOE LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: 202-429-3000
Facsimile: 202-429-3902
tbarba@steptoe.com
jweinstein@steptoe.com

Charles Michael
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel.: 212.506.3900
cmichael@steptoe.com

*Attorneys for Defendant*

          */s/ Mitchell J. Langberg*

32128025