**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARY SHAPLEY and<br><br>JOSEPH ZIEGLER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ABBE LOWELL,<br><br>　　　　Defendant. | Civil Action No. 1:24-cv-02646-RJL |

**PLAINTIFFS GARY SHAPLEY AND JOSEPH ZIEGLER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**

32129032

## INTRODUCTION

Plaintiffs Gary Shapley and Joseph Ziegler ("**Whistleblowers**") ask this Court to take judicial notice of certain documents cited in their Memorandum of Law in Opposition to Defendant Abbe Lowell's Motion to Dismiss ("**Opposition**").[1] In their Opposition, the Whistleblowers cite to five categories of documents that are properly the subject of judicial notice: (1) Congressional documents, (2) media reports, (3) the D.C. Bar's Online Member Directory, (4) Defendant Abbe Lowell's ("**Lowell**") professional website, and (5) filings in other pending litigations.

## REQUEST

Under Federal Rule of Evidence 201, a court may judicially notice a fact that is not subject to "reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Doing so does not convert a motion to dismiss into a motion for summary judgment. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007)**.**

**A.    Congressional Documents**

As to the first category of documents, the Whistleblowers ask the Court to judicially notice two congressional documents: (1) the U.S. House Committee on Way & Means' ("**Committee**") press release ("**Press Release**"), Opp'n at 25; and (2) a transcript of the Committee's executive hearing on June 22, 2023 ("**Transcript**"), Opp'n at 44. "[P]ublic records of federal agencies are a proper subject of judicial notice." *Herron v. Fannie Mae*, No. CV 10-943 (RMC), 2012 WL 13042852, at *1 (D.D.C. Mar. 28, 2012); *Hamilton v. Paulson*, 542 F. Supp. 2d 37, 52, n.15 (D.D.C. 2008), *rev'd on other grounds*, 666 F.3d 1344 (D.C. Cir. 2012) ("Due to the fact that the

---

[1]   The Opposition is filed concurrently with this request.

1

document is located on the website for the United States Office of Personnel Management, it is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,' and therefore subject to judicial notice by the Court.").

Both the Press Release and the Transcript are public records of the Committee's and are available on the Committee's website. They are judicially noticeable, accordingly.

**B.    The D.C. Bar's Online Member Directory**

The Whistleblowers ask this Court to judicially notice the D.C. Bar's Online Member Directory to establish the year that Lowell became a member of the bar. Opp'n at 32. Like the records of federal agencies, activities of the State Bar are also judicially noticeable. *See Lathrop v. Donohue*, 367 U.S. 820, 823, 81 S. Ct. 1826, 1827 (1961) ("[T]he court considered appellant's constitutional claims, not only on the allegations of the complaint, but also upon the facts, of which it took judicial notice, as to its own actions leading up to the challenged order, ***and as to all activities, including legislative activities, of the State Bar since its creation.***") (emphasis added); *see also Hamilton*, 542 F. Supp. 2d at 52, n.15 (recognizing that courts can judicially notice state agency's records just as they can federal agency's). The Member Directory may thus be judicially noticed.

**C.    Media Reports Listed on Google News**

The Whistleblowers also ask the Court to judicially notice the fact that dozens of news reports were published on the investigation into Hunter Biden within the first week of the Committee releasing the transcripts of the Whistleblowers' congressional testimony. Opp'n at 26.

"Taking judicial notice of the existence of news articles is entirely proper." *White Coat Waste Project v. United States Dep't of Veterans Affs.*, 404 F. Supp. 3d 87, 101, n.10 (D.D.C. 2019) (internal punctuation and citation omitted); *see also Wash. Post v. Robinson*, 935 F.2d 282,

291 (D.C. Cir. 1991) ("This court may take judicial notice of the existence of newspaper articles in the Washington, D.C., area that publicized the ongoing criminal investigation of the Barry case, and McWilliams' involvement and cooperation in that investigation."). For the avoidance of doubt, Plaintiffs do not offer these articles for the truth of the facts or statements made in them, unlike the many news articles offered by Defendant. *See* Pls. Objs. to Def.'s Reqs. for Jud. Notice, filed concurrently herewith. Instead, Plaintiffs ask the Court to take notice of the existence of these articles. The Court should thus take judicial notice of the various news reports populated on the Google News search.

### D. Lowell's Professional Website

Lowell's professional website may also be judicially noticed. "[M]aterials from publicly available websites" are judicially noticeable but "only [for] the existence of the records, and not the accuracy of any legal or factual assertions made therein." *Yi Tai Shao v. Roberts*, 2019 WL 11340269, at *1 (D.C. Cir. Nov. 13, 2019), *aff'd*, 141 S. Ct. 951, 208 L. Ed. 2d 491 (2020) (citing *Crumpacker v. Ciraolo-Klepper*, 715 Fed. Appx. 18, 19 (D.C. Cir. 2018)).

The Whistleblowers ask the Court to judicially notice Lowell's website for various statements pertaining to Lowell's career and reputation. Opp'n at 16. The Whistleblowers do not ask the Court to consider the veracity of the statements, merely that they exist. Such is proper, and the request should be granted. *Yi Tai Shao*, 2019 WL 11340269, at *1.

### E. Filings in Other Pending Litigations

Finally, the Whistleblowers request that the Court take judicial notice of activities/filings in two pending litigations involving Hunter Biden: (1) *United States v. Biden*, 1:23-mj-00274-MN (D. Del., order filed Aug. 17, 2023), ECF 42 at 2; and (2) *Biden v. U.S. Internal Revenue Serv.*, 1:23-02711-RC (D.D.C. 2023)). Opp'n at 6, 27, 44-45.

3

32129032

Courts routinely hold that judicial notice of court records is proper. *See Veg-Mix, Inc. v. U.S. Dep't of Agric.*, 832 F.2d 601, 607 (D.C. Cir. 1987) ("Courts may take judicial notice of official court records"); *see also Crumpacker v. Ciraolo-Klepper*, 715 F. App'x 18, 19 (D.C. Cir. 2018) (same). The activities in the two lawsuits are thus judicially noticeable.

## CONCLUSION

For all these reasons, the Whistleblowers' Request for Judicial Notice should be granted in its entirety.

Dated: December 18, 2024

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Mitchell J. Langberg*
  Mitchell J. Langberg, Bar No. NV008
  mlangberg@bhfs.com
  Travis F. Chance, Bar No. NV010
  tchance@bhfs.com
  100 North City Parkway, Suite 1600
  Las Vegas, NV  89106
  Telephone:  702.382.2101
  Facsimile:   702.382.8135

  EMPOWER OVERSIGHT
  WHISTLEBLOWERS & RESEARCH

  Michael S. Zummer, Bar No. LA0013
  mzummer@empowr.us
  5500 Prytania St. #524
  New Orleans, LA 70115
  Telephone: 504.717.5913

  *Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of December, 2024, **PLAINTIFFS GARY SHAPLEY AND JOSEPH ZIEGLER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS** was electronically filed with the Clerk of Court using the Court's CM/ECF system that will automatically serve notification of such filing and a copy thereof to all counsel of record:

Michael E. Stoll
Jason M. Weinstein
STEPTOE LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: 202-429-3000
Facsimile: 202-429-3902
tbarba@steptoe.com
jweinstein@steptoe.com

Charles Michael
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel.: 212.506.3900
cmichael@steptoe.com

*Attorneys for Defendant*

　　　　　　　　　　　　　　　　　　　　　　*/s/ Mitchell J. Langberg*

32129032