# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARY SHAPLEY and

JOSEPH ZIEGLER,

               Plaintiffs,

     v.

ABBE LOWELL,

               Defendant.

Civil Action No. 1:24-cv-02646-RJL

**PLAINTIFFS GARY SHAPLEY AND JOSEPH ZIEGLER'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

32217519

## INTRODUCTION AND BACKGROUND

Plaintiffs Gary Shapley and Joseph Ziegler (the "**Whistleblowers**") file this Motion out of an abundance of caution and to comply with Circuit precedent. Defendant Abbe Lowell ("**Lowell**") moved to dismiss the Complaint. As explained in the Whistleblowers' opposition to that motion, their Complaint plausibly alleges claims for libel. Even so, in their opposition, the Whistleblowers explained how they could amend their Complaint if the Court determined its allegations were not sufficient. The D.C. Circuit has specified that leave to amend should be formally requested by a separate motion before a motion to dismiss is resolved. *IMAPizza, LLC v. At Pizza Ltd.*, 965 F.3d 871, 875–76 (D.C. Cir. 2020). The Whistleblowers believe Lowell's motion to dismiss should be denied, and thus amending the Complaint should be unnecessary. But if the Court disagrees, the Whistleblowers should be granted leave to amend their Complaint, for the reasons detailed here.

The Whistleblowers pleaded two plausible claims for libel in their Complaint against Lowell. Lowell defamed the Whistleblowers—two seasoned IRS Criminal Investigation Division agents—by repeatedly accusing them of disseminating private grand jury and tax return information in violation of 26 U.S.C. § 6103 ("**Section 6103**") and Federal Rule of Criminal Procedure 6(e) ("**Rule 6(e)**"). In reality, the Whistleblowers testified in a sealed, private forum to the House Ways and Means Committee ("**Committee**") about preferential treatment in the tax investigation of Hunter Biden ("**Biden**"). But Lowell published his accusations ("**Defamatory Statements**") to the media in a September 14, 2023, Letter ("**September 14 Letter**"), labeling the Whistleblowers' conduct as "clear-cut crime[s]" and "simple felonies."

Lowell knew better. As a self-proclaimed "foremost white collar defense and trial lawyer[]," Lowell knew that the Whistleblowers' conduct was permissible. Congress had said so; a federal judge presiding over Biden's criminal prosecution had pressed Lowell for reasons why

the Whistleblowers' conduct was illegal, reasons that were never given; and the applicable law and decisions in this District hold as much. To be sure, it was not the Whistleblowers that made their testimony public. The Committee voted to do so in the summer of 2023.

If Lowell's motion to dismiss is granted, the Whistleblowers can provide even more factual allegations that would further support the elements of falsity, malice, and publication. These other facts will collectively bolster the Whistleblowers' claims that the Defamatory Statements were knowingly false and made with malice, and satisfy the FRCP 15 standards. Thus, if the Court grants Lowell's motion to dismiss, it should also grant the Whistleblowers leave to amend their Complaint as outlined here.

## LEGAL STANDARD

FRCP 15(a) allows a party to amend its pleading with the leave of court. FRCP 15(a)(2). Rule 15 requires courts to "freely give leave when justice so requires." *Id.*; *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). A court has discretion to grant or deny a motion for leave to amend a pleading. *Id.* But as the Supreme Court has explained, "leave should be allowed absent a showing of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility.'" *Greer v. Bd. of Trustees of Univ. of D.C.*, 113 F. Supp. 3d 297, 312 (D.D.C. 2015) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also Firestone*, 76 F.3d at 1208 ("[I]t is an abuse of discretion to deny leave to amend unless there is sufficient reason…").

Local Rules 7 and 15.1 require the party seeking leave to amend a pleading to file a motion for such relief and provide a copy of the proposed amended pleading. LCvR 7; LCvR 15.1. An informal request is insufficient; it is necessary to file a formal motion. *IMAPizza, LLC*, 965 F.3d

at 875–76.

"Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend." *Banner Health v. Burwell*, 55 F. Supp. 3d 1, 7–8 (D.D.C. 2014), *aff'd sub nom. Banner Health v. Price*, 867 F.3d 1323 (D.C. Cir. 2017).

## ARGUMENT

The Whistleblowers adequately pleaded claims for libel in their Complaint. (*See generally* ECF 1; *see also* ECF No. 16). But if the Court is inclined to grant Lowell's motion to dismiss, the Court should also grant the Whistleblowers leave to amend their Complaint. The Whistleblowers' amendment would resolve each of Lowell's arguments for dismissal, would not unduly prejudice Lowell, and would not serve a dilatory purpose.

**A.     The Proposed Amendment Would Not Be Futile.**

Amendment is futile where "the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *Rumber v. D.C.*, 598 F. Supp. 2d 97, 102 (D.D.C. 2009), *aff'd*, 595 F.3d 1298 (D.C. Cir. 2010) ("An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss.").

**1.  The Whistleblowers could more explicitly allege the element of falsity and malice.**

The Whistleblowers could plead additional facts that show the Defamatory Statements were false and made with constitutional malice. The Whistleblowers could allege:

- Following publication of the October 6, 2022, Washington Post article, Shapley's lawyer sent a letter to the Washington Post saying that if the source of the information was Shapley,

Shapley consented to disclosing his identity. No such disclosure ever occurred because Shapley was not the source. Lowell was copied on this letter, demonstrating his knowledge of these facts.

- The transcripts of the Whistleblowers' testimony, legally made public by Congress, demonstrate that Committee Chairmen stated on the record that, following the proper release of those transcripts by Congress, the Whistleblowers could publicly discuss anything in their testimony except anything redacted. Lowell's September 14 Letter shows that he is intimately familiar with and knows of the content of these transcripts.

- In Biden's criminal case in the District of Delaware, it was explained in opposition to Biden's motion to seal transcripts of the Whistleblowers' testimony that Section 6103 does not protect from public discussion information already properly disclosed by Congress. The judge overseeing this case relied on this explanation in denying the motion to seal, finding that Biden "has failed to make any specific showing of harm[.]" Lowell was counsel for Biden in this criminal case and these events occurred before the publication of the September 14 Letter.

- The IRS has imposed no discipline of the Whistleblowers, and none has been proposed, despite Lowell's false allegation that the Whistleblowers purportedly disclosed information protected under Section 6103 and Rule 6(e).

The proposed additional allegations thus demonstrate that Lowell's Defamatory Statements were false and, at least circumstantially, that Lowell made the Defamatory Statements knowing they were false. The proposed allegations thus supplement the Whistleblowers' initial allegations of falsity and malice.

### 2. While the legislative privilege is inapplicable, the Whistleblowers offer additional allegations of publication.

The Whistleblowers do not sue Lowell for statements he made to the Committee; they sue Lowell for the Defamatory Statements he republished to the media. (*See* ECF 1). The legislative

privilege is thus inapplicable. *See Newmyer v. Sidwell Friends Sch.*, 128 A.3d 1023, 1042 (D.C. 2015) (absolute privileges applicable to statements made in official proceedings do not extend to publications to media because such publications are "gratuitous and bear[] no relevance whatsoever to the [official] proceedings.").

But to eliminate Lowell's purported concern, the Whistleblowers offer an additional allegation in the Amended Complaint:

> On September 14, 2023, a Politico reporter contacted a member of one of the Whistleblowers' legal teams, and a staff member of the House Judiciary Committee, and explained that Lowell's September 14 Letter and the attachments had been sent to her. This confirmed Lowell's statement in the letter that he was "also making these materials available to the public."

The Whistleblowers can thus allege at least one media outlet to whom Lowell published the Defamatory Statements.[1] Amendment would not be futile, accordingly.

**B.     An Amendment Would Not Cause Undue Prejudice.**

The proposed amendment should also be permitted because it would not cause undue prejudice to Lowell. "Undue prejudice is not mere harm to the non-movant but a denial 'of the opportunity to present facts or evidence which [ ] would have [been] offered had the amendment [ ] been timely.'" *City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6–7 (D.D.C. 2008) (quoting *Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 248 (D.D.C.2004)).

This Motion comes just four months after the initiation of this litigation. Discovery has not yet begun. And the proposed amendment seeks only to clarify the existing claims with allegations

---

[1] To be sure, the Whistleblowers contend that Lowell published the Defamatory Statements to several media outlets. While the full list of the media outlets are unknown to the Whistleblowers now, Lowell knows to which outlets he disseminated the September 14 Letter. That information is outside the Whistleblowers' possession, but it is not necessary at the pleading stage. *See Toranto v. Jaffurs*, 297 F. Supp. 3d 1073, 1094–95 (S.D. Cal. 2018) ("when it appears that defendant has superior knowledge of the facts, so long as the pleading gives notice of the issues sufficient to enable preparation of a defense."). Rather, it is attainable during the discovery period.

of facts that were always known to Lowell. Indeed, some of the factual bases for the proposed allegations are known by Lowell more so than the Whistleblowers: to which media outlets Lowell published his Defamatory Statements. Thus, there are no surprises, and Lowell will not be unduly prejudiced by the amendment.

## C.    An Amendment Would Not Cause Undue Delay or Further a Dilatory Motive.

Finally, the proposed amendment is neither unduly delayed or brought for a dilatory motive. Courts find undue delay when a plaintiff seeks to assert a claim that could have been alleged before an operative amendment deadline. *See United States ex rel. Westrick v. Second Chance Body Armor, Inc*., 301 F.R.D. 5, 9 (D.D.C. 2013) (collecting cases). But where the moving party "does not seek to add any claims in its amendment" but "seeks to add only factual allegations designed to clarify existing claims," the request is not unduly delayed. *Id.* (*Council on American–Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 324 (D.D.C.2011)).

The Whistleblowers do not seek to add claims via their proposed amendment. They seek leave to amend their Complaint to clarify their existing claims for libel. And they do so only in an abundance of caution in response to Lowell's motion to dismiss. Even more, the Whistleblowers move for leave to amend their Complaint less than four months after their initial filing, and before the issuance of a scheduling order by this Court. These circumstances confirm that the amendment is not sought with a dilatory purpose and would not cause an undue delay. Leave to amend the Complaint should be granted.

## CONCLUSION

For all these reasons, the Whistleblowers' Motion for Leave to Amend their Complaint should be granted if the Court grants Lowell's motion to dismiss. A proposed Amended Complaint is attached as **Exhibit 1**, in accordance with LCvR 15.1

32217519

Dated: January 9, 2025                    BROWNSTEIN HYATT FARBER
                                          SCHRECK, LLP


                                          By: */s/   Mitchell J. Langberg*
                                               Mitchell J. Langberg, Bar No. NV008
                                               mlangberg@bhfs.com
                                               Travis F. Chance, Bar No. NV010
                                               tchance@bhfs.com
                                               100 North City Parkway, Suite 1600
                                               Las Vegas, NV  89106
                                               Telephone:  702.382.2101
                                               Facsimile:   702.382.8135

                                          EMPOWER OVERSIGHT
                                          WHISTLEBLOWERS & RESEARCH

                                               Michael S. Zummer, Bar No. LA0013
                                               mzummer@empowr.us
                                               5500 Prytania St. #524
                                               New Orleans, LA 70115
                                               Telephone: 504.717.5913

                                          *Attorneys for Plaintiffs*

7

32217519

## CERTIFICATE OF SERVICE

This is to certify that on the 9th day of January, 2025, **PLAINTIFFS GARY SHAPLEY AND JOSEPH ZIEGLER'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF** was electronically filed with the Clerk of Court using the Court's CM/ECF system that will automatically serve notification of such filing and a copy thereof to all counsel of record:

Michael E. Stoll
Jason M. Weinstein
STEPTOE LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: 202-429-3000
Facsimile: 202-429-3902
tbarba@steptoe.com
jweinstein@steptoe.com

Charles Michael
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel.: 212.506.3900
cmichael@steptoe.com

*Attorneys for Defendant*

_/s/ Mitchell J. Langberg_

32217519