IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY SHAPLEY and

JOSEPH ZIEGLER,

        Plaintiffs,

  v.

ABBE LOWELL,

        Defendant.

Civil Action No. 1:24-cv-02646-RJL

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EXHIBITS TO
HIS REPLY IN SUPPORT OF MOTION TO DISMISS**

    Plaintiffs Gary Shapley ("Shapley") and Joseph Ziegler ("Ziegler") (collectively, "Plaintiffs"), by and through their undersigned counsel of record, submit their Objections to Defendant Abbe Lowell's ("Lowell") exhibits submitted with his Reply Memorandum of Law in Further Support of his Motion to Dismiss ("Reply").

## **OBJECTIONS**

    Much like in his Motion to Dismiss, Lowell attaches various exhibits in an effort to prove disputed facts in this litigation.[1] This is improper for purposes of a FRCP 12(b)(6) motion. *Shive-Ayala v. Pacelle*, No. CV 21-704 (RJL), 2022 WL 782412, at *2 (D.D.C. Mar. 15, 2022) (a court may take judicial notice of "news articles ... ***not for their truth*** but merely for the fact they were published." (emphasis added)). And it is improper given that the exhibits are irrelevant to the disposition of Lowell's Motion to Dismiss. *See Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011) (declining to take judicial notice of facts that are "irrelevant to disposition of the motion to

---

[1] Also like the Motion to Dismiss, the exhibits are attached to a declaration made by Charles Michael, Lowell's attorney in this matter.

dismiss, which turns on the adequacy of the well-pleaded factual allegations in the complaint"). Plaintiffs' specific objections are as follow:

**Exhibit A**

Exhibit A is a Wall Street Journal article written by Plaintiffs in December 2024—well after Plaintiffs lawfully gave their congressional testimony about the investigation into Hunter Biden ("Biden") and well after Congress lawfully disclosed that testimony to the public.

Lowell offers Exhibit A in support of his claim that Plaintiffs are "media darlings" engaging in "unlawful behavior" rather than IRS whistleblowers revealing preferential treatment of the President's son. *See* Def.'s Reply, ECF 20, at 6. The trouble is that Lowell's Defamatory Allegations have nothing to do with the article written by Plaintiffs in December 2024, nor could they since they were published over a year prior. *See* Pls.' Compl., ECF 1, ¶¶ 17, 19-20, 23-28 (alleging that Lowell's Defamatory Allegations were made on September 14, 2023). Lowell also offers Exhibit A to support the disputed fact that Plaintiffs' media reports include nonpublic information, rendering Plaintiffs' activities unlawful. But given that fact is undisputed, it is irrelevant to the disposition of Lowell's Motion to Dismiss. *See Whiting*, 637 F.3d at 364. Plaintiffs' claims for libel do not hinge on whether they gave media interviews or published their own articles, in particular interviews or articles occurring well after Lowell's Defamatory Allegations.

Plaintiffs' claims instead hinge, in part, on whether they disclosed nonpublic information. This disputed fact would be improperly resolved on a Rule 12(b)(6) motion, especially via the content of a judicially noticed news article. *See* Fed. R. Civ. P. 12(b)(6); *see also Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (To rule on a motion to dismiss, a court must "accept the operative complaint's well pleaded factual allegations as true and draw all reasonable inferences

in [the plaintiff's favor]." (internal quotation omitted)). The Court may only take judicial notice that the article was published.[2] *Shive-Ayala*, 2022 WL 782412, at *2. It must not consider the contents of the article to determine the lawfulness of Plaintiffs' activities. *Id.*

**Exhibit B – F and I**

For the same reason that Exhibit A is improper, so are Exhibits B to F and Exhibit I. Each exhibit contains transcripts of media interviews given by Plaintiffs or are media articles published by third parties, all occurring well after Lowell's Defamatory Allegations.

Again, Plaintiffs' conduct following Lowell's Defamatory Allegations has no bearing on the actionability of those statements, the sole issues raised by his Motion to Dismiss. And again, Plaintiffs, do not dispute that they have given interviews. But using the content of the interviews or articles to prove Lowell's factual assertions of illegality is improper. The Court may only take judicial notice that the articles and interviews were published. *Ayala*, 2022 WL 782412, at *2. And the fact that the articles were published and the interviews were published is irrelevant to whether Plaintiffs have pleaded plausible claims for libel.[3] *Whiting*, 637 F.3d at 364.

In his Reply, Lowell states that "it is difficult to envision how Plaintiffs would have learned many of the facts they disclosed except via grand jury subpoenas." ECF 20 at 22-23. It should not be difficult to imagine how Plaintiffs learned the facts in manners other than via grand jury subpoenas: Plaintiffs were the investigators for the investigation into Biden, meaning they were responsible for interviewing witnesses and analyzing the evidence. Regardless, to the extent

---

[2] In any event, nothing in the article reveals nonpublic information. *See* ECF 20 at Ex. A. The article discusses: (a) the incredibly public fact that President Joe Biden issued a broad pardon to his son; (b) Biden pleaded guilty to criminal charges prior to receiving the pardon from his father; and (c) references to evidence released in the Congressional transcripts. *Id.*; *see also* ECF 16 at 35, n. 15 (outlining portions of the congressional testimony); ECF 11-3.

[3] Indeed, Lowell provided a copy of the congressional testimony transcripts, but he has identified nothing in these exhibits that reveals nonpublic information.

Lowell finds difficulty in determining how Plaintiffs knew the facts of Biden's unlawful conduct and whether that source is from protected Rule 6(e) materials, such confirms that the issue is disputed—at minimum—in this litigation. Lowell's exhibits must not be used to resolve the dispute at the motion to dismiss stage. *Ho*, 106 F.4th at 50.

Dated: February 3, 2025

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ *Mitchell J. Langberg*
Mitchell J. Langberg, Bar No. NV008
mlangberg@bhfs.com
Travis F. Chance, Bar No. NV010
tchance@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

EMPOWER OVERSIGHT
WHISTLEBLOWERS & RESEARCH

Michael S. Zummer, Bar No. LA0013
mzummer@empowr.us
5500 Prytania St. #524
New Orleans, LA 70115
Telephone: 504.717.5913

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

This is to certify that on the 3rd day of February 2025, **PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EXHIBITS TO HIS REPLY IN SUPPORT OF MOTION TO DISMISS** was electronically filed with the Clerk of Court using the Court's CM/ECF system that will automatically serve notification of such filing and a copy thereof to all counsel of record:

Michael E. Stoll
Jason M. Weinstein
STEPTOE LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: 202-429-3000
Facsimile: 202-429-3902
tbarba@steptoe.com
jweinstein@steptoe.com

Charles Michael
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel.: 212.506.3900
cmichael@steptoe.com

*Attorneys for Defendant*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Mitchell J. Langberg*