IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY SHAPLEY and<br><br>JOSEPH ZIEGLER,<br><br>       Plaintiffs,<br><br>    v.<br><br>ABBE LOWELL,<br><br>       Defendant. | Civil Action No. 1:24-cv-02646-RJL |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3(c) AND
FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

In accordance with Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), counsel for Plaintiffs GARY SHAPLEY ("Shapley") and JOSEPH ZIEGLER ("Ziegler") (collectively, "Plaintiffs") and counsel for Defendant ABBE LOWELL ("Defendant") held a telephonic video conference on March 5, 2025. The parties submit the following report of their conference for the Court's consideration.

**I.    BRIEF STATEMENT OF THE CASE**

Plaintiffs' Statement:

Plaintiffs' allege that Defendant made false and defamatory allegations about them to one or more reporters accusing them of unlawfully disclosing information protected by grand jury confidentiality and IRS privacy laws, and by disclosing information that was not already in the public domain. Plaintiffs contend that any information they referenced or discussed in public was: (a) not grand jury material, (b) not protected by tax privacy law, or (c) had been lawfully released into the public domain by Congress. They further contend that because any once-confidential information was already lawfully in the public domain, there was no violation of IRS privacy laws

and no improper disclosure of nonpublic information.

Defendant's Statement:

Defendant contends, as set forth in his pending motion to dismiss, that the alleged defamatory statements are nonactionable legal opinions that were in all events well-founded and accurate. Hence, Defendant made no defamatory or false statements. In addition, Defendant contends that he made no publication of any of the statements Plaintiffs allege to be defamatory. Specifically, while Plaintiffs allege there was a "publication" of certain correspondence to the media, Defendant in fact never did publish the correspondence to the media.

## II. LOCAL CIVIL RULE 16.3(c) AND FED. R. CIV. 26(f) MATTERS

1. **DISPOSITION MOTIONS:** Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion. LCvR 16.3(c)(1).

While the parties disagree about whether Defendant's pending Rule 12 motion will dispose of the case, they agree that it is a dispositive motion and that discovery should be stayed pending a decision on the motion.

2. **AMENDMENT OF PLEADINGS:** The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed. LCvR 16.3(c)(2).

The parties do not anticipate that other parties will be joined. Whether the Complaint will be amended will be impacted by the Court's consideration of the pending Rule 12 motion. The parties suggest that the Court defer setting a deadline for amendment until it has consider the pending Rule 12 motion.

3. **MAGISTRATE JUDGE:** Whether the case should be assigned to a magistrate judge for all purposes, including trial. LCvR 16.3(c)(3).

The parties do not consent to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    **4.**    **SETTLEMENT:** Whether there is a realistic possibility of settling the case. LCvR 16.3(c)(4).

The parties have conferred regarding the possibility of discussing settlement and are amenable to having such discussions once the parties have engaged in meaningful discovery if the pending Rule 12 motion is denied.

    **5.**    **ALTERNATIVE DISPUTE RESOLUTION:** Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider: (i) the client's goals in bringing or defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement; (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to: (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and (bb) whether ADR should take place before or after the judicial resolution of key legal issues; (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending. LCvR 16.3(c)(5).

The parties do not believe the ADR process would be helpful at this time. However, if the case proceeds past the pleading stage, the parties would like the opportunity to reevaluate this issue once they have engaged in meaningful discovery.

    **6.**    **DISPOSITION MOTIONS:** Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions. LCvR 16.3(c)(6).

Defendant's Rule 12 motion is pending. If the case continues after that motion is resolved, the parties both recognize that defense summary judgement motion are common in defamation cases such as this. The parties request that the Court defer on setting deadlines until after the Rule 12 motion is resolved.

7. **INITIAL DISCLOSURES:** Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures. LCvR 16.3(c)(7); see also Fed. R. Civ. P. 26(f)(3)(A).

The parties propose that initial disclosures should be exchanged within 30 days after the Court decides the pending Rule 12 motion.

8. **DISCOVERY PLAN:** The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions. LCvR 16.3(c)(8); *see also* Fed. R. Civ. P. 26(f)(3)(B), (E).

The parties request that they and the Court defer on setting a discovery plan until after the Court decides the pending Rule 12 motion and after amendment of the Complaint, if amendment is ordered by the Court.

9. **ELECTRONICALLY STORED DISCOVERY:** Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. LCvR 16.3(c)(9); *see also* Fed. R. Civ. P. 26(f)(3)(C).

The parties anticipate that this case may involve ESI. Though there may be disputes about the scope of discovery, they anticipate they will be able to reach agreement regarding the process of collecting and producing ESI information that is within the scope of discovery once any scope issues are resolved.

10. **CONFIDENTIAL DOCUMENTS AND PRIVILEGE ISSUES:** Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502. LCvR 16.3(c)(10); see also Fed. R. Civ. P. 26(f)(3)(D).

The parties agree in principle that the protective order governing this matter will include a provision addressing privileged or protected documents and Fed. R. Evid. 502. However, because Defendant is an attorney and the issues in this case may relate to his representation of a client, there may be privilege issues that will require resolution by the Court.

11. **EXPERT DISCLOSURES:** Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur. LCvR 16.3(c)(11).

The parties propose that these matters be deferred until after the Court resolves the pending Rule 12 motion.

12. **CLASS ACTION PROCEDURES:** In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision. LCvR 16.3(c)(12).

The parties agree that no class action procedure is required.

13. **BIFURCATION OR PHASING OF TRIAL:** Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation. LCvR 16.3(c)(13).

Plaintiff does not believe that bifurcation or phasing is appropriate in this case. Defendant believes that, should the case proceed past the motion to dismiss, it may be appropriate to prioritize in an initial, targeted phase the case-dispositive question of whether Defendant published the correspondence at issue to the media. Defendant believes that targeted discovery would disprove the allegation, and defeat all the claims in the case.

14. **PRE-TRIAL CONFERENCE:** The date for the pretrial conference. LCvR 16.3(c)(14).

The parties propose that this be deferred until after the Court resolves the pending Rule 12 motion.

15. **TRIAL DATE:** Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference. LCvR 16.3(c)(15).

The parties propose that the Court set a trial date at the pretrial conference.

**16.** **OTHER MATTERS:** Such other matters that the parties believe may be appropriate for inclusion in a scheduling order. LCvR 16.3(c)(16); see also Fed. R. Civ. P. 26(f)(3)(F).

None at this time.

## III.  PROPOSED SCHEDULE

The parties propose that this be deferred until the Court rules on the Rule 12 motion.

**RESPECTFULLY SUBMITTED AND AGREED TO BY:**

| | |
|---|---|
| */s/ Mitchell J. Langberg* | */s/ Charles Michael* |
| Mitchell J. Langberg, Bar No. NV008 | Charles Michael* |
| Travis F. Chance, Bar No. NV010 | STEPTOE LLP |
| BROWNSTEIN HYATT FARBER SCHRECK, LLP | 1114 Avenue of the Americas |
| 100 N. City Parkway, Suite 1600 | New York, NY 10036 |
| Las Vegas, NV 89106 | cmichael@steptoe.com |
| Tel.: 702.382.2101 | Tel.: 212.506.3900 |
| mlangberg@bhfs.com | |
| tchance@bhfs.com | Michael E. Stoll |
| | Jason M. Weinstein* |
| Michael S. Zummer, Bar No. LA0013 | STEPTOE LLP |
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH | 1330 Connecticut Avenue, NW |
| 5500 Prytania St. #524 | Washington, D.C. 20036 |
| New Orleans, LA 70115 | Tel.: 202.429.3000 |
| mzummer@empower.us | mstoll@steptoe.com |
| Tel.: 504.717.5913 | jweinstein@steptoe.com |
| | *admitted pro hac vice* |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of March, 2025, the foregoing was electronically field with the Clerk of Court using the Court's CM/ECF system that will automatically send email notification of such filing to all counsel of record:

Michael E. Stoll
Jason M. Weinstein*
STEPTOE LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: 202-429-3000
Facsimile: 202-429-3902
tbarba@steptoe.com
jweinstein@steptoe.com

Charles Michael*
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel.: 212.506.3900
cmichael@steptoe.com

*admitted *pro hac vice*

*Attorneys for Defendant*

        */s/ Mitchell J. Langberg*
an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP